IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN J. SMITH, JR.<br>716 North Tyson Avenue<br>Glenside, PA 19038 | CIVIL ACTION NO. |

    and

SEAN P. SMITH
309 Washington Street, Apt. 1402
Conshohocken, PA 19428

    and

JOANNE M. SMITH
15 East Cornwall Drive
Chalfont, PA 18914

    and

ELIZABETH M. SMITH
15 East Cornwall Drive
Chalfont, PA 18914

    and

PATRICK S. SMITH
15 East Cornwall Drive
Chalfont, PA 18914

        Plaintiffs,

    v.

AXIS SPECIALTY U.S. SERVICES, INC.
11680 Great Oaks Way, Suite 500
Alpharetta, GA 30022

    and

AXIS SPECIALTY U.S. SERVICES, INC. as
Plan Administrator of the AXIS SPECIALTY
U.S. SERVICES, INC. WELFARE PLAN
11680 Great Oaks Way, Suite 500
Alpharetta, GA  30022

  and

AXIS SPECIALTY U.S. SERVICES, INC.
WELFARE PLAN
11680 Great Oaks Way, Suite 500
Alpharetta, GA  30022

  and

UNION SECURITY INSURANCE COMPANY
P.O. Box 419568
Kansas City, MO  64141-6568

  and

ASSURANT EMPLOYEE BENEFITS
P.O. Box 419568
Kansas City, MO  64141-6568

     Defendants

## COMPLAINT

### I.  NATURE OF ACTION, JURISDICTION AND VENUE

  1.  This action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. §§1001, *et seq.*, and more particularly Sections 1104(a)(1), 1132(a)(1)(B), and 1132(a)(3).

  2.  Subject matter jurisdiction is vested in this Court by the existence of a federal question arising under ERISA, 28 U.S.C. §1331, 29 U.S.C. §1132.

  3.  Venue is proper in this judicial district and pursuant to ERISA, 29 U.S.C. §1132(e)(2) because the breach took place within this district, and one or more Defendants may be found here.

## II.    THE PARTIES

4.      Plaintiff Brian J. Smith, Jr. ("Smith, Jr.") is an individual residing at 716 N. Tyson Avenue, Glenside, Pennsylvania, and is a citizen and resident of the Commonwealth of Pennsylvania.

5.      Plaintiff Sean P. Smith is an individual residing at 309 Washington Street, Apt. 1402, Conshohocken, Pennsylvania, and is a citizen and resident of the Commonwealth of Pennsylvania.

6.      Plaintiff Joanne M. Smith is an individual residing at 15 East Cornwall Drive, Chalfont, Pennsylvania, and is a citizen and resident of the Commonwealth of Pennsylvania.

7.      Plaintiff Elizabeth M. Smith is an individual residing at 15 East Cornwall Drive, Chalfont, Pennsylvania, and is a citizen and resident of the Commonwealth of Pennsylvania.

8.      Plaintiff Patrick S. Smith is an individual residing at 15 East Cornwall Drive, Chalfont, Pennsylvania, and is a citizen and resident of the Commonwealth of Pennsylvania.

9.      Defendant Axis Specialty U.S. Services, Inc. ("Axis") is, upon information and belief, a corporation incorporated under the laws of the State of Georgia with its principal place of business located at 11680 Great Oaks Way, Suite 500, Alpharetta, Georgia.  At all times relevant hereto, and upon information and belief, Axis was the employer of Brian J. Smith, Sr., and was Plan Administrator of the Axis Specialty U.S. Services, Inc. Welfare Plan.  Axis satisfied the definition of and fulfilled the role of Plan Administrator and Plan Fiduciary within the meaning of ERISA, 29 U.S.C. §§1002(16)(A), and 1002(21)(A).

10.     Defendant Axis Specialty U.S. Services, Inc. Welfare Plan ("Plan") is an employee welfare benefit plan established and maintained by Axis Specialty U.S. Services, Inc. for the purpose of providing benefits to the eligible employees of Axis, and the participants of the Plan, and their beneficiaries.

11.     Defendant Union Security Insurance Company ("Union") is, upon information and belief, a corporation incorporated under the laws of the State of Missouri, with its principal place of business located at P.O. Box 419568, Kansas City, Missouri.  On information and belief, Plaintiffs allege that Union is, and all relevant times herein was, duly licensed as a life insurance carrier in the Commonwealth of Pennsylvania, and engaged in the business of insurance within the Commonwealth of Pennsylvania.  Union issued Policy No. 5,269,444 to Axis Specialty U.S. Services, Inc., which was used to fund the life insurance portion of the Plan.

12.     Defendant Assurant Employee Benefits ("Assurant") is, on information and belief, a business organization, form unknown, located at P.O. Box 419568, Kansas City, Missouri.  At all times relevant hereto, Assurant acted as claims administrator for life insurance benefits under the Plan, and made eligibility and benefit determinations for life insurance coverage thereunder.

13.     At all relevant times herein, Brian J. Smith, Sr., deceased ("Mr. Smith"), was the ex-husband of Plaintiff Joanne M. Smith, and the father of Plaintiffs Elizabeth M. Smith, Patrick S. Smith, Smith, Jr., and Sean P. Smith.  Mr. Smith was a participant in the Plan as that term is defined by ERISA, 29 U.S.C. §1002(7).

14.     At all relevant times herein, Plaintiffs Smith, Jr., Sean P. Smith, Joanne M. Smith, Elizabeth M. Smith, and Patrick S. Smith, were beneficiaries of the Plan as that term is defined by ERISA, 29 U.S.C. §1002(8).

## III.   FACTUAL ALLEGATIONS

15.     Mr. Smith was employed by Axis as an Assistant Vice President of Claims.  His employment was involuntarily terminated by Axis effective November 26, 2012.

16.     Among the benefits of Mr. Smith's employment with Axis was participation in the Plan, which included basic and voluntary life insurance in which he had enrolled.  Under the life insurance Plan, his life insurance terminated on the date he stopped active work.  However, the Plan offers a conversion and portability right through which Mr. Smith could port or convert his life coverage.

17.     In its role as employer and Plan Administrator, Axis mailed conversion and portability forms to Mr. Smith on November 29, 2012.  (Exhibits "1" and "2," respectively.)  Plaintiffs are informed and believe that these forms were mailed to Mr. Smith with a template letter in or similar to the form attached to the Complaint as Exhibit "3."

18.     Mr. Smith was instructed to complete and return the forms to Assurant in order to elect conversion or ported coverage.  However, the forms given to Mr. Smith contained an incorrect address for Assurant, and the cover letter instructed him to complete and return the forms to that incorrect address.  The address given to him for Assurant was "P.O. Box 830607, Birmingham, Alabama  35283."

19.     At the time that it provided this incorrect conversion and portability notice to Mr. Smith, Axis had actual or constructive knowledge that the address it had given to him for Assurant was incorrect.  Axis had access to or actual possession of a more current form containing Assurant's correct address.  In fact, Assurant's Birmingham mailing address had been closed long before Axis mailed Mr. Smith the forms.

20.     Mr. Smith completed and returned those forms to the address instructed.  Portions of the forms are in his own handwriting.  He told several people that he mailed the forms to Assurant.

21.     Mr. Smith died on January 9, 2013.

22.     On January 10, 2013, Mr. Smith's son, Smith, Jr., reviewed his father's personal effects.  Smith Jr. located photocopies of the conversion and portability forms, but the originals were not found.  No original conversion or portability election forms were ever found among Mr. Smith's personal effects or elsewhere.  Throughout his career as an insurance claims professional, Mr. Smith ensured that his available coverages were elected, paid for, and remained in force to care for his family.

23.     Upon finding copies of these completed election forms, Smith Jr. contacted Assurant and was asked to fax those forms to a Terri Steen at Assurant on January 11, 2013, which he did that day.

24.     At no time prior to January 11, 2013 did Smith Jr. send any portability or conversion election forms completed by his father to Assurant or to any other person or entity.

25.     Assurant requested the Plaintiffs to complete the required claims forms for life insurance benefits, which they did.

26.     On February 5, 2013, Assurant denied Plaintiffs' claims for life insurance benefits based on Assurant's position that at the time of Mr. Smith's death on January 9, 2013, his life insurance had terminated, he had not elected conversion or portability coverage, and that the time within which to elect such coverage had expired prior to his death.

27.     On October 29, 2013, with the assistance of counsel, Plaintiffs submitted an Administrative Appeal of the denial to Assurant.

28.     By letter of December 2, 2013, Assurant upheld its determination to deny Plaintiffs' claim for benefits, and as a result, Plaintiffs' administrative remedies under ERISA have been exhausted.

29.     The Plan provides that life insurance benefits are payable to the participant's beneficiary if he or she dies within 31 days after his life insurance ends, whether or not the participant applied for conversion coverage or paid the premium:

> "If you die within 31 days after your *life insurance* ends, we will
> pay to your *beneficiary* the amount you could have converted,
> whether or not you applied or paid the premium."

30.     The Plan further provides that the participant's insurance ends on the date he or she stops active work:

> **"When Your Insurance Ends**
>
> Your Insurance will end on the date:
>
> …
>
> • You stop *active work*."

31.     Mr. Smith's employment was terminated on November 26, 2012, and he died on January 9, 2013.  As explained below, by operation of statute, Mr. Smith's life insurance ended not 31 days after the date of his termination, but 60 days after his last day worked.

32.     The Plan documents provide that the provisions of the Plan "shall be construed, administered, and enforced according to the applicable federal law and the laws of the State of Georgia."  However, Mr. Smith worked at an Axis facility in Pennsylvania, and all Plaintiffs reside in Pennsylvania.  The denials of the benefit claims were communicated to Plaintiffs in Pennsylvania.

33.     Both Georgia and Pennsylvania have enacted identical statutes, codified in their respective state insurance codes.  Both of these statutes extend the expiration date of a terminating employee's life insurance coverage to 60 days beyond termination if the individual is not provided notice of his or her conversion rights.  *See*, Ga. Code Ann. Section 33-27-5; 40 P.S. Section 532.7.

34.     Mr. Smith was not given adequate notice of his conversion rights.  In order to be adequate, a written notice of conversion must state (1) when the group coverage will expire, (2) when the right of conversion will expire, (3) the procedure for converting to an individual policy, and (4) the premium for the conversion policy. *Canada Life v. Lebowitz*, 185 F.3d 231 (4th Cir. 1999).

35.     Georgia's statute reads as follows:

"Ga. Code Ann. § 33-27-5

§ 33-27-5.  Notice of conversion privileges.

(a)  If any individual insured under a group insurance policy hereafter delivered in this state becomes entitled under the terms of the policy to have an individual policy of life insurance issued to him without evidence of insurability, subject to making of application therefor and payment of the first premium within the period specified in such policy and, if the individual is not given notice of the existence of the right at least 15 days prior to the expiration date of the period, in such event the individual shall have an additional period within which to exercise the right; but nothing contained in this Code section shall be construed to continue any insurance beyond the period provided in the policy. This additional period shall expire 15 days after the individual is given notice but in no event shall the additional period extend beyond 60 days after the expiration date of the period provided in the policy.

(b)  Written notice presented to the individual or mailed by the policyholders to the last known address of the individual or mailed by the insurer to the last known address of the individual as furnished by the policyholder shall constitute notice for the purpose of this Code section.

(c)  Nothing in this Code section shall have the effect of extending the time within which a death claim shall be paid under the policy as provided in paragraph (10) of subsection (a) of Code Section 33-27-3.

(d)  Inclusion of a statement of this conversion privilege in the insurance certificate issued to the individual insured shall constitute a notice of conversion privileges to the individual insured as required by this Code section."

36.     Pennsylvania's statute reads as follows:

"40 P.S. § 532.7

If any individual insured under a group life insurance policy
hereafter delivered in this State becomes entitled under the terms
of such policy to have an individual policy of life insurance issued
to him without evidence of insurability, subject to making of
application and payment of the first premium within the period
specified in such policy, and if such individual is not given notice
of the existence of such right at least fifteen days prior to the
expiration date of such period, then, in such event the individual
shall have an additional period within which to exercise such right,
but nothing herein contained shall be construed to continue any
insurance beyond the period provided in such policy.  This
additional period shall expire fifteen days next after the individual
is given such notice but in no event shall such additional period
extend beyond sixty days next after the expiration date of the
period provided in such policy.  Written notice presented to the
individual or mailed by the policyholder to the last known address
of the individual or mailed by the insurer to the last known address
of the individual as furnished by the policyholder shall constitute
notice for the purpose of this section."

37.     Mr. Smith was provided conversion forms with instructions to return those forms
to the wrong address.  Therefore, he was not given the procedure for converting.  He was also
not provided any information regarding premium for his conversion policy.  Instead, the "notice"
advised Mr. Smith that a *quote* for premium could be obtained by returning the conversion form
to the address provided.  This was not true, as the incorrect address was provided.  Therefore, he
was not given the premium, nor was he given a proper procedure to obtain it.  For these reasons,
the notice of conversion provided to him was legally inadequate, and the additional 60 days of
coverage under the relevant insurance code provisions was triggered.

38.     By reason of the above, because Mr. Smith was terminated on November 26, 2012, his life insurance continued, without the need to elect conversion, and without the payment of any premium required, until January 25, 2013, 16 days after his death.

39.     Based on the above, whether or not Mr. Smith elected conversion coverage or paid the premium is irrelevant.  His life insurance coverage was extended past the date of his death by operation of law, and Plaintiffs' claims for death benefits are payable.

40.     Even if Mr. Smith's insurance had terminated on November 26, 2012, he timely exercised his conversion rights.  Axis provided conversion forms to Mr. Smith with a cover letter instructing him to fill out and send these forms to an address in Birmingham, Alabama, which by Assurant's admission, had closed at least 10 months earlier.

41.     Mr. Smith's handwriting is contained on the photocopies of the forms, showing he received and completed them.  The evidence demonstrates that he mailed the forms to Assurant because, among other reasons:  (1) Mr. Smith's history as an insurance claims professional was to keep his insurance in force, and to "buy up" from base life benefits to care for his family; (2) he told at least two individuals that he completed and returned the forms to Assurant as instructed; (3) the forms were filled out in Mr. Smith's handwriting, and no original forms were found in any of his personal effects; and (4) the wrong address was given to Mr. Smith to return the forms, which supports the conclusion that the forms were mailed yet not received by Assurant, or that a delay in receipt of the forms by Assurant occurred.

42.     Plaintiffs are informed and believe that Defendants, either intentionally or unintentionally, established a misleading, cumbersome and time-intensive procedure for the election of conversion and portability rights for terminating employees, designed to accomplish the expiration of the 30-day election period before a timely election could be reasonably made, as described below.

43.     In the portability and conversion "notices" sent to terminating employees such as Mr. Smith, Defendants required that the signed notice be returned to Assurant at an address Defendant Axis provided, in order to obtain a quote for the cost of such coverage.  Defendants should have instead provided a premium quote to a terminating employee as part of the notice, as required by law.

44.     Defendants then provided an incorrect mailing address to the terminating employee, resulting in Assurant either never receiving the election form, or a long delay in

Assurant's receipt of that form. No quote was provided to the terminating employee by anyone during that delay caused solely by Defendants' conduct.

45.     Defendants refused to provide any ported or converted coverage to the terminating employee unless the "first full premium" was paid within 31 days after the termination date. However, without being provided the quote for that premium, it was impossible for the terminating employee to comply with this "requirement" within the unilateral deadline established by Defendants.

46.     Additionally, in this instance, Defendants did not provide the port/conversion notice on the termination date itself, thereby further shortening the time to act. In the case of Mr. Smith, the notice was provided 3 days after the termination date.

## FIRST CLAIM FOR RELIEF

### Claim for Benefits Due Under the Plan

### ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)

47.     Paragraphs 1-44 are incorporated by reference as if fully set forth herein.

48.     ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides a plan participant with a civil action to recover benefits due under the terms of a plan, and to enforce their rights under the terms of the plan.

49.     Plaintiffs are due benefits under the Plan and have been wrongly denied benefits under the Plan.

## SECOND CLAIM FOR RELIEF

### Breach of Fiduciary Duty

### ERISA section 404(a)(1), 29 U.S.C. § 1104(a)(1)

50.     Paragraphs 1-47 are incorporated by reference as if fully set forth herein.

51.     ERISA section 404(a)(1), 29 U.S.C. § 1104(a)(1), requires a plan fiduciary to discharge its duties with respect to a plan solely in the interest of plan participants and (A) for the exclusive purpose of providing benefits to participants; (B) with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the Plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance

with the documents and instruments governing the Plan insofar as the documents and instruments are consistent with Title I of ERISA.

52.     Defendants failed to comply with these fiduciary duties by denying benefits to Plaintiffs.

53.     In particular, Plaintiffs are informed and believe that Defendants, either intentionally or unintentionally, established a misleading, cumbersome, and time-intensive procedure for the election of conversion and portability rights for terminating employees, designed to accomplish the expiration of the 30-day election period before a timely election could be reasonably made, as described below.

54.     In the portability and conversion "notices" sent to terminating employees such as Mr. Smith, Defendants required that the signed notice be returned to Assurant at an address Defendant Axis provided, in order to obtain a quote for the cost of such coverage.

55.     Defendants should have instead provided a premium quote to a terminating employee as part of the notice, as required by law.

56.     Defendants then provided an incorrect mailing address to the terminating employee, resulting in Assurant either never receiving the election form, or a long delay in Assurant's receipt of that form.

57.     No quote was provided to the terminating employee by anyone during that delay caused solely by Defendants' conduct.

## THIRD CLAIM FOR RELIEF

### Claim Under ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3)

58.     Paragraphs 1-55 are incorporated by reference as if fully set forth herein.

59.     ERISA section 502(a)(3) provides that a civil action may be brought by a participant to enjoin any act or practice which violates any provision Title I of ERISA or the terms of the Plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provision of Title I of ERISA or the terms of the Plan.

60.     Where Defendants have violated the duties and obligations placed upon them as the Plan's appropriate named fiduciaries, the Court should declare that Defendants' decision denying life benefits was null and void, and ordering Defendants to comply with their obligations as the Plan's appropriate named fiduciaries.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that the Court:

1.    Declare that Defendants have breached the duties, responsibilities, and obligations imposed on them by ERISA.

2.    Declare that Defendants failed to provide proper conversion or portability notice to Mr. Smith.

3.    Order the Defendants, jointly and severally, to pay benefits owed to Plaintiffs under the Union Security Policy as administered by Assurant, and under the Plan.

4.    Order the Defendants, jointly and severally, to pay prejudgment interest at the rate set by law on the disability benefits wrongly withheld from Plaintiffs.

5.    Order Defendants, and each of them, to pay Plaintiffs the costs of suit herein, and a reasonable attorney's fee, pursuant to ERISA section 502(g)(1), 29 U.S.C. § 1132(g)(1), and under any other applicable law.

6.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  Philadelphia, Pennsylvania

January **30**, 2014

By: _____
Alan H. Casper
Attorney I.D. # 47081
1845 Walnut Street, Suite 1500
Philadelphia, PA  19103
(215) 546-1124
acasper@alanhcasperesq.com

Dated:  Los Angeles, California

January **27**, 2014

Burke, Williams & Sorensen, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
(213) 236-0600
dmaguire@bwslaw.com

By: _____
Daniel W. Maguire
California State Bar No. 120002
Attorneys for Plaintiffs
Brian J. Smith, Jr., Sean P. Smith,
Joanne M. Smith, Elizabeth M. Smith,
and Patrick S. Smith